# SUPREME COURT OF THE UNITED STATES

No. 26A388

PEOPLE NOT POLITICIANS, ET AL. *v.* ROBERT ONDER, ET AL.

ON APPLICATION FOR STAY

[September 25, 2026]

PER CURIAM.

In 2022, the Missouri Legislature enacted a redistricting map for elections to the U. S. House of Representatives. In 2025, the Missouri Legislature enacted a new map. But under the Missouri Constitution as interpreted by the Supreme Court of Missouri, a new law such as the 2025 map does not take effect unless and until approved by voters in a referendum in the next election—at least where, as here, the number of voter signatures on the petition suffices to trigger a referendum. Therefore, on September 3, 2026, the Missouri Supreme Court ruled that the 2025 redistricting map "is not the law and has never been the law" in Missouri—and will not take effect unless and until approved by Missouri voters by referendum in the 2026 election. *von Glahn* v. *Hoskins*, ___ S. W. 3d ___, ___–___, n. 8 (Mo. 2026), App. to Emergency Motion 53–54a, n. 8.

In short, as a matter of state law, the 2022 map—not the 2025 map—must be used in the 2026 congressional election.

In the wake of that recent Missouri Supreme Court decision, a group of voters and candidates (collectively, plaintiffs) sued in federal court. They contended that the U. S. Constitution requires Missouri to use the 2025 map in the 2026 election—even though the 2025 map cannot take effect under Missouri law unless and until it is approved by Missouri voters in the 2026 election.

Appellate Case: 26-2827 Page: 1 Date Filed: 09/25/2026 Entry ID: 5688045

In two orders in the last few weeks, this Court has denied such relief. In the first, the Missouri Secretary of State asked this Court to stay the September 3 decision of the Missouri Supreme Court that had prohibited use of the 2025 map in the general election. On September 8, JUSTICE KAVANAUGH, in his capacity as Circuit Justice for the Eighth Circuit, denied that request, thereby leaving the 2022 map in effect for the 2026 general election. But that same evening, a federal district court in Missouri issued a temporary restraining order—in practical effect, an injunction[1]—in effect requiring Missouri to use the 2025 map instead of the 2022 map, essentially ordering relief that the Circuit Justice had just denied.

The District Court's September 8 injunction was promptly stayed by this Court on September 10, in an order issued by the full Court without any noted dissent. That stay remains in effect.

This Court's September 10 stay order meant that the 2022 map would be used in the 2026 congressional election in Missouri, absent further order of this Court. And the election has now begun under the 2022 map. But on September 21, 11 days after this Court's most recent order, the U. S. Court of Appeals for the Eighth Circuit ordered the District Court to enter a permanent injunction in effect requiring use of the 2025 map instead of the 2022 map in the 2026 election. Given this Court's two prior orders in this litigation, our conclusion that this was error should come as no surprise.[2]

Consistent with this Court's September 10 stay order, we therefore must now stay the District Court's new

---

[1] As the Eighth Circuit later noted, the District Court's TRO was "in practical effect a preliminary injunction." *Onder* v. *Missouri*, ___ F. 4th ___, ___ (CA8, Sept. 21, 2026) (quotation marks omitted), App. to Emergency Motion 12a.

[2] We conclude that at least one of the applicants has standing on appeal.

Appellate Case: 26-2827 Page: 2 Date Filed: 09/25/2026 Entry ID: 5688045

September 21 and September 22 injunctions[3] and the Eighth Circuit's September 21 mandate and September 22 order.[4]

Even putting this Court's prior orders aside, the traditional stay factors also dictate that this Court stay those District Court and Court of Appeals orders, just as this Court stayed the District Court's previous September 8 injunction. See *Nken* v. *Holder*, 556 U. S. 418, 425–426 (2009).

On the merits, the Court's precedents have not previously stated that Article I, Section 2 requires a state to use the primary election map in a general election, and given that the equities heavily favor staying this late-breaking intervention, it suffices that the merits are not entirely clearcut. Cf. *Rodriguez* v. *Popular Democratic Party*, 457 U. S. 1, 10, and n. 10 (1982). The equities dictate that we stay the District Court's September 21 and September 22 injunctions, as well as the Court of Appeals' September 21 and September 22 orders. See *Purcell* v. *Gonzalez*, 549 U. S. 1 (2006) (*per curiam*). This Court has repeatedly cautioned that "lower federal courts should not 'alter the election rules'" of a state "on the eve of an election." *Allen* v. *Milligan*, 608 U. S. 511, 514 (2026) (*per curiam*) (quoting *Republican National Committee* v. *Democratic National Committee*, 589 U. S. 423, 424 (2020) (*per curiam*)); see also *Purcell*, 549 U. S., at 4–6.

The *Purcell* principle applies with even greater force here. The election is not merely upcoming; it has already started. Ballots using the 2022 map have been printed and mailed. Absentee voting has already begun, as has military and overseas voting. According to local election officials in

---

[3] The District Court amended the injunction on September 22, 2026. *Onder* v. *Missouri*, No. 4:26–cv–01424 (ED Mo.), ECF Doc. 60.

[4] On September 22, 2026, the Eighth Circuit issued an order denying applicants' motion to recall the mandate and stay the September 21 order. *Onder* v. *Missouri*, No. 26–2797 (CA8, Sept. 22, 2026).

Missouri: "At this point, it is practically impossible to revert to the" 2025 "map." Brief for Missouri Association of County Clerks and Election Authorities as *Amicus Curiae* in No. 26–2797 (CA8), p. 12.

At this late date, ordering reversion to the 2025 map in the midst of an ongoing election would usher in electoral chaos. *Purcell* protects against such disorder. The Eighth Circuit panel dealt with *Purcell* by casting blame on the Missouri Supreme Court for its September 3 decision prohibiting use of the 2025 map. The state court, it reasoned, destabilized the election with its "last-minute decisio[n]" that could "potentially . . . decide the outcome of . . . party control of Congress." ___ F. 4th, at ___, App. to Emergency Motion 29a.

The Eighth Circuit's application of *Purcell* was incorrect. Even though "federal courts should not impose changes close to an election, States are free to decide for themselves whether last-minute changes to an election are in their best interests"—subject, of course, to certain limited constraints imposed by federal law. *Allen*, 608 U. S., at 514 (citation omitted). Moreover, in this case, the Missouri Supreme Court was not responsible for the late-breaking changes. On the contrary, in an opinion back in May 2026, well before the primary election, the Missouri Supreme Court stated that the 2025 map would not take effect until approved by the voters in an intervening referendum, at least if the referendum petition was legally sufficient. *Maggard* v. *State*, 733 S. W. 3d 411, 419–420 (Mo. 2026); see also *Healey* v. *State*, 732 S. W. 3d 827, 836, n. 1 (Mo. 2026); *NAACP Mo. State Conference* v. *Kehoe*, 734 S. W. 3d 338, 341, n. 4 (Mo. 2026). So in the several-month period before the August primary election, the Missouri Secretary of State was well aware that conducting the August primary election with the 2025 map carried significant risks. The Secretary nonetheless chose to proceed with the 2025 map for the primary.

Appellate Case: 26-2827 Page: 4 Date Filed: 09/25/2026 Entry ID: 5688045

*   *   *

For those reasons, the application for stay presented to JUSTICE KAVANAUGH and by him referred to the Court is granted. The September 21, 2026, mandate and September 22, 2026, order entered by the U. S. Court of Appeals for the Eighth Circuit in No. 26–2797, and the September 21, 2026, and September 22, 2026, injunctions entered by the U. S. District Court for the Eastern District of Missouri, No. 4:26–cv–01424, ECF Docs. 57 and 60, are stayed absent any further order of this Court lifting such stays. The prior stay entered by this Court on September 10, 2026, likewise remains in effect pending any further order of this Court lifting that stay. The District Court and Court of Appeals should not enjoin or otherwise prohibit the use of the 2022 map in the 2026 congressional election in Missouri. And the District Court and Court of Appeals should not order or otherwise require Missouri to use the 2025 map in the 2026 congressional election in Missouri.

*It is so ordered.*

Appellate Case: 26-2827 Page: 5 Date Filed: 09/25/2026 Entry ID: 5688045